IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| TINA M. STASSENS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DENNIS STASSENS,<br>STASSENS FAMILY LIMITED<br>PARTNERSHIP, *et al.*,<br><br>　　　　　Defendants. | Case No. 18-cv-00506-DKW-KJM<br><br>**ORDER (1) GRANTING IN PART<br>AND DENYING IN PART MOTION<br>TO REMAND AND (2)<br>REMANDING ACTION TO STATE<br>CIRCUIT COURT** |

On December 31, 2018, Defendants Dennis Stassens and the Stassens Family Limited Partnership (SFLP, and, with Dennis Stassens, "Defendants") removed this action from the Third Circuit Court for the State of Hawaiʻi. Dkt. No. 1. A month later, Plaintiff Tina M. Stassens (Plaintiff) filed a motion to remand. Dkt. No. 11. Because the notice of removal (and accompanying exhibits) failed to state the domicile of all of the partners for SFLP and the declaration Defendants submitted in opposition to the motion to remand failed to correct this deficiency, Defendants have not carried their burden of establishing this Court's subject matter jurisdiction under 28 U.S.C. § 1332. The Court therefore GRANTS the motion to remand to the extent that this action is remanded

1

to the Third Circuit Court. Plaintiff's request for attorney fees and costs is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

Defendants' notice of removal, Dkt. No. 1, relies solely on diversity for purposes of this Court's subject matter jurisdiction. Defendants asserted that Dennis Stassens was a citizen of the State of Oregon at the time the complaint was filed. Defendants further asserted that SFLP is an Oregon limited partnership with its principal place of business in Oregon and that has been the case since before the complaint was filed. Defendants also asserted that SFLP's general and limited partners include four individuals, all of whom are citizens of Oregon, citing SFLP's amended annual report.

Plaintiff spends much of her motion to remand, Dkt. No. 11-1, advancing an inapt argument concerning the Third Circuit Court's purported ability to exercise personal jurisdiction over Defendants. Nonetheless, Plaintiff briefly argues that Defendants have failed to establish diversity jurisdiction and that she is entitled to an award of fees and costs as a result of Defendants' improper removal.

In opposition, Dkt. No. 17, *inter alia*, Defendants again assert that SFLP's general and limited partners are citizens of Oregon. On this occasion, Defendants list seven general and limited partners of SFLP, citing a declaration ("the

Declaration") from one of the general partners, Taira Lynn Stassens, and SFLP's amended annual report. Defendants assert that the Oregon citizenship of each of the Defendants is "undisputed." In reply, Dkt. No. 20, Plaintiff argues, *inter alia*, that Defendants cannot rely upon the Declaration because, with respect to the partners who are not Taira Lynn Stassens, it constitutes inadmissible hearsay.

A hearing on the motion to remand was held on April 12, 2019. Dkt. No. 21. Among other things, at the hearing, counsel for Defendants asserted that he should be allowed to submit supplemental declarations concerning the SFLP partners' citizenship, citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997).

## **RELEVANT LEGAL PRINCIPLES**

Pursuant to Section 1441(a) of Title 28, any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have original jurisdiction over the action. Pursuant to Section 1332(a)(1) of Title 28, this Court has original jurisdiction of all civil actions involving an amount in controversy in excess of $75,000 and citizens of different States.

Pursuant to Section 1447(c) of Title 28, a motion to remand on any basis other than a lack of subject matter jurisdiction must be made within 30 days of the

notice of removal's filing. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing this Court's subject matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## **DISCUSSION**

As the Court observed at the April 12, 2019 hearing, the principal issue with respect to the motion to remand is the citizenship of SFLP. In that regard, Defendants acknowledge that SFLP's citizenship is determined based upon the citizenship of each of its partners, both general and limited. *See* Dkt. No. 17 at 6; *see also Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members….") (quotation and citation omitted).

Therefore, the principal issue here is the citizenship of all of SFLP's general and limited partners. The notice of removal helps little in this regard because it only mentions four of SFLP's seven partners. As such, the notice of removal failed to assert the citizenship of *all* of SFLP's partners.

Nonetheless, Defendants took another bite at establishing SFLP's citizenship in their opposition to the motion to remand. This bite is equally unavailing, however. Notably, Defendants rely solely on the declaration of one of SFLP's general partners and an annual amended report for SFLP. However, while the Declaration may aid in establishing Taira Lynn Stassens' citizenship, it does nothing to aid in establishing the citizenship of the other six partners. The same is true of the annual amended report to which Taira Lynn Stassens cites in the Declaration as supporting her contentions about the citizenship of the other partners. With respect to the limited partners, the annual amended report is silent. *See* Dkt. No. 1-3. With respect to the general partners, the annual amended report, while listing them, merely provides a P.O. Box address for each. *See id*. Although it is arguable whether such an address even demonstrates the general partners' residence, the P.O. Box addresses certainly do not indicate their domicile for purposes of diversity jurisdiction. *See Byrd v. QDRO Office*, 2014 WL 4715869, at *3 (N.D. Ohio Sep. 22, 2014) (collecting cases and observing that, "[a]t best, a post office box may demonstrate residence in a particular location."); *see also Lew v. Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986) ("a person is domiciled in a location where he or she has established a fixed habitation or abode

in a particular place, and intends to remain there permanently or indefinitely.") (quotations and internal quotation omitted).[1]

Put simply, there is nothing in the record establishing the citizenship of *all* SFLP's general and limited partners.  This is presumably why, at the April 12, 2019 hearing, counsel for Defendants requested leave to submit supplemental declarations.  As the Court expressed at the hearing, however, Defendants have been more than aware of the need to establish the citizenship of SFLP's partners ever since filing the notice of removal.  This is why, in the notice of removal, Defendants asserted that SFLP had both general and limited partners.  This is also why, in their opposition to the remand motion, Defendants cited the relevant law concerning the citizenship of a partnership entity and provided a declaration from one of the general partners that purported to address the citizenship of each of SFLP's partners.  For some reason, though, Defendants chose not to provide declarations from six of the SFLP partners (other than Taira Lynn Stassens).

Defendants' citation to *Singer* does not change this situation.  In *Singer*, the plaintiff's State complaint did not allege the amount in controversy.  *Singer*, 116 F.3d at 374.  Nonetheless, the defendant removed the case on the ground of

---

[1] The Declaration also cites to SFLP's articles of conversion, but that document too fails to mention the limited partners and only provides P.O. Box addresses for the general partners.  *See* Dkt. No. 1-2.

diversity jurisdiction, asserting that the amount in controversy exceeded the then statutory requirement of $50,000. *Id*. Although the plaintiff moved to remand, his counsel acknowledged that the case was "absolutely worth considerably more than $50,000." *Id*. (quotations omitted). On appeal, the Ninth Circuit Court of Appeals, *inter alia*, affirmed the district court's finding of subject matter jurisdiction on the ground that the amount in controversy had been established. *Id*. at 376-377. More specifically, the Ninth Circuit concluded that the district court reasonably exercised its discretion in accepting plaintiff's counsel's admission regarding the amount in controversy being more than $50,000. *Id*. The Ninth Circuit further stated that, in determining the amount in controversy, a court may consider facts in the removal petition and may require "summary-judgment-type evidence" relevant to the issue. *Id*. at 377.

Here, the facts of *Singer* are inapposite. First, Plaintiff has made no admission regarding the citizenship of all of SFLP's partners, and certainly no admission that their citizenship is somewhere other than Hawaiʻi. Second, herein, the Court has considered the facts asserted in the notice of removal, and, as discussed, they fall short. Finally, Defendants have already taken the opportunity to submit "summary-judgment-type evidence" in support of their opposition to the motion to remand, and, as discussed, that evidence also falls short. There is, thus,

7

no reason under *Singer* for this Court to allow Defendants to submit even more evidence.

In summary, it is Defendants' burden, as the parties asserting subject matter jurisdiction, to establish the same. *See Kokkonen*, 511 U.S. at 377. For the reasons discussed in this Order, Defendants have failed to carry that burden on more than one occasion. The Court, thus, declines, in light of the circumstances of this case, to allow Defendants to file supplemental declarations, and grants the motion to remand to the extent that this action is hereby remanded to the Third Circuit Court. Plaintiff's request for fees and costs, however, is denied because, based upon the record before the Court, Defendants had an "objectively reasonable basis" to remove this action. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## **CONCLUSION**

The motion to remand, Dkt. No. 11, is GRANTED to the extent that this case is hereby REMANDED to the Third Circuit Court for the State of Hawaiʻi pursuant to Section 1447(c) of Title 28. The Clerk is instructed to mail a copy of this Order to the clerk of the Third Circuit Court and then CLOSE this case.

The motion to remand, Dkt. No. 11, is DENIED with respect to Plaintiff's request for attorney fees and costs.

IT IS SO ORDERED.

Dated: April 17, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Tina M. Stassens v. Dennis Stassens, et al.;* Civil No. 18-00506 DKW-KJM; **ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION TO REMAND AND (2) REMANDING ACTION TO STATE CIRCUIT COURT**